# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | CASE NO. 5:15 cv 776 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ANGELA M. BUREN, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a motion to intervene and stay the case filed by German Mutual Insurance Company ("German Mutual") (Doc. No. 14 ["Mot."]). Plaintiff Joe Hand Promotions, Inc. ("plaintiff") has filed a notice indicating its non-opposition to the motion (Doc. No. 15). Defendant Angela M. Buren ("defendant") has not opposed the motion and the time for filing an opposition has passed. For the reasons set forth herein, the motion is DENIED.

## I. BACKGROUND

On April 21, 2015, plaintiff brought suit in this Court against defendant. By its complaint, plaintiff alleges that, on April 27, 2013, defendant unlawfully intercepted plaintiff's broadcast of a sporting event to which plaintiff owned the exclusive nationwide commercial distribution rights. (Doc. No. 1 ["Compl."] ¶¶ 11, 16.) It is further alleged that defendant rebroadcasted the sporting event in her business establishment, Route 83 Restaurant, for her personal profit. (Compl. ¶¶ 11, 13.) Plaintiff brings the following claims against defendant: (1) unauthorized publication or use of communications, in violation of 47 U.S.C. § 605; (2) unauthorized reception of cable service, in violation of 47 U.S.C. § 553; and (3) conversion.

On May 20, 2015, plaintiff filed an application for entry of default against defendant, and default was entered by the Clerk on May 22, 2015. (Doc. No. 8 ["Application"]; Doc. No. 9 ["Entry of Default"].) On June 8, 2015, the Court granted the parties' joint motion to vacate the entry of default, and defendant was afforded an opportunity to file her answer to the complaint. (Doc. No. 12 ["Order"]; Doc. No. 13 ["Answer"].).

On July 1, 2015, German Mutual filed the present motion to intervene. It seeks permission to intervene in this action for the purpose of filing a declaratory judgment action against defendant, its insured. (Mot. at 62.) According to the proposed complaint for declaratory relief, appended to its motion to intervene, German Mutual issued defendant a commercial package policy, effective May 10, 2013 through May 10, 2014. (Doc. No. 14-1 ["Decl. Compl."] ¶ 9.) The proposed complaint "seeks a legal declaration of whether the [commercial package policy] obligates German Mutual to defend and/or indemnify [defendant] for any and/or all claims arising out of the alleged interception and broadcast" of the transmission that is at issue in this litigation. (Mot. at 62.) As a basis for its motion to intervene, German Mutual cites Rule 24(a) and (b) of the Federal Rules of Civil Procedure. Alternatively, it argues that it must be joined as an indispensable party under Fed. R. Civ. P. 19(a). In addition to seeking the right to intervene, German Mutual requests that the Court stay the underlying action until the issue of its legal obligations to defendant is determined.

## II.  FED. R. CIV. P. 24

### A.     Rule 24(a)

A court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A proposed intervenor under this rule must establish the following: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State ALF-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)). "'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'" *United States v. Mich.*, 424 F.3d 438, 443 (6th Cir. 2005) (*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Although the Sixth Circuit has "opted for a rather expansive notion of the interest sufficient to invoke intervention of right[,]" *Mich. State AFL-CIO*, 103 F.3d at 1245, "this does not mean that any articulated interest will do." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007) (citations omitted). Courts have "routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action." *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-cv-136, 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (citing cases); *see, e.g., ProBuilt Homes, Inc. v. Jelenic*, No. 1:13cv1685, 2014 WL 810833 (N.D. Ohio Feb. 28, 2014).

In *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989) (cited by *J4 Promotions*), the court affirmed a district court's denial of a motion to intervene by insurers reserving their rights. The court agreed with the lower court that the insurers failed to satisfy the second requirement—an interest in the subject of the action. The court in *Dingwell* noted that

3

such interest "must be direct, not contingent [.]" *Id.* at 638 (citing cases). It further held:

> Allowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense. Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer "a double bite at escaping liability."

*Id.* at 639 (quoting *United Servs. Auto Ass'n v. Morris*, 154 Ariz. 113, 741 P.2d 246, 251 (1987)). The court further noted that the underlying lawsuit involved "the apportionment of tort liability, not the respective rights and obligations of an insured and his insurers under their insurance policy." *Id.* at 640; *see Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1193 (D.N.M. 1999) ("The insurer's interest in adjudicating coverage, like its interest in minimizing its insured's liability, has no bearing on the underlying action[.]"); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2012 WL 645996, at *2 (N.D. Ohio Feb. 28, 2012) (denying intervention because the subject matter of the underlying action had "nothing to do with [proposed intervenor's] interests[,]" which were "entirely contingent on future events: the Plaintiffs' success in their claims against [defendant] and a determination of [proposed intervenor's] duties under the insurance contract.") These cases provide excellent guidance for this Court.

In this case, the underlying lawsuit involves the alleged unlawful interception of protected broadcasts. The intervenor's action would seek solely to resolve coverage issues under the commercial package policy. Such a continent interest is far removed from the liability determinations that will be made in the underlying action. As such, German Mutual cannot establish the second requirement for intervention of right—a substantial legal interest—and the Court need not address the other three requirements. German Mutual is not entitled to intervene under Rule 24(a).

4

### B.     Rule 24(b)

German Mutual also seeks "permissive" intervention under Rule 24(b), which provides for intervention, upon a timely application, by a third-party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "[T]he district court enjoys broad discretion in making determinations regarding permissive intervention[,]" *Dingwell*, 884 F.2d at 641, and, in exercising that discretion, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In support of permissive intervention, German Mutual "submits that its claims for declaratory relief relative to its obligations, if any, to [d]efendant under the contract of insurance it issued are inexorably bound with questions of fact common to the merits of the underlying claims by [p]laintiff against [d]efendant." (Mot. at 64.).

For the same reasons that German Mutual lacks a substantial legal interest in the outcome of the underlying litigation, it cannot establish that its action for declaratory relief as to insurance obligation shares questions of law and facts with the underlying tort action involving conversion of protected broadcasts. "Where a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage," there is no common question of law or fact under Rule 24(b)(1)(B). *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228 (3d Cir. 2005); *see also Liberty Mut. Ins. Co. v. Pac. Indem. Co.*, 76 F.R.D. 656, 660 (W.D. Pa. 1977) ("[A] motion for permissive intervention under Rule 24(b) must have grounds in claims for relief which share questions of fact or law in common with the main action, and not in the coincidence of financial interests.").

Additionally, the Court finds that the burdens of time and expense involving the

5

intervention of German Mutual into this action would unduly delay this action and prejudice the rights of the original parties. *See, e.g., Dixon v. Bank of Tenn.*, No. 2:07-CV-096, 2007 WL 4569711, at *2 (E.D. Tenn. Dec. 20, 2007) (insurer not permitted to intervene in tort action involving the defendant bank's alleged improper disposal of the contents of a safe deposit box as the insurer's action would delay underlying litigation). Further, the fact that plaintiff does not oppose the intervention does not justify delaying an action that has already been pending on the Court's docket for several months. *See Liberty Mut. Ins. Co.*, 76 F.R.D. at 660 ("The mutual self-interest of the plaintiff and the prospective intervenor is not enough for intervention by permission.") (citing *Old Colony Trust Co. v. Penrose Indus. Corp.*, 387 F.2d 939, 941 (3d Cir. 1968)).

Accordingly, the Court finds that German Mutual is not entitled to intervene under Rule 24(b).

### III. FED. R. CIV. P. 19

German Mutual also suggests that it is entitled to intervention under Rule 19(a), which covers motions for joinder. However, only a party may seek joinder under Rule 19. *Arrow v. Gambler's Supply, Inc*., 55 F.3d 407, 409 (8th Cir. 1995). Instead, courts faced with improper Rule 19 motions brought by non-parties construe such motions as being brought under Rule 24. *See id*. at 409; *Herb Reed Enters., Inc. v. Bennett*, No. 2:10-cv-1981, 2012 WL 5989632, at *5 (D. Nev. Nov. 29, 2012); *Estate of McFarlin v. City of Storm Lake*, 277 F.R.D. 384, 388 (N.D. Iowa 2011); *see also Lyndon Prop. Ins. Co. v. Katz*, 196 F. App'x 383, 390 (6th Cir. 2006) (Rule 19 cannot be used in "an effort to excuse the deficiencies of [a] Rule 24 motion[.]") Having previously concluded that intervention is inappropriate under Rule 24, German Mutual's

"alternative" motion under Rule 19 is also denied.

### IV. CONCLUSION

        For all of the forgoing reasons, German Mutual's motion to intervene (Doc. No. 14) is denied. By separate order, the Court shall schedule this matter for a case management conference.

        **IT IS SO ORDERED**.


Dated: September 25, 2015

                                                      _____
                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**